O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Maka Hospice, | ) | Case No. CV 19-7065 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| | ) | **TO DISMISS** |
| v. | ) | |
| | ) | |
| Alex Azar, Secretary of | ) | |
| Department of Health and | ) | |
| Human Services. | ) | |
| | ) | |
| Defendant. | | |

Presently before the court is defendant Alex Azar's Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following Order.

**I.    Background**

The Medicare program covers certain hospice services. 42 U.S.C. § 1395(c); 42 U.S.C. § 1395x(dd). Plaintiff Maka Hospice is a licensed and qualified hospice facility. (Compl. ¶ 6.) The Centers for Medicare Services ("CMS") can suspend payments to a Medicare provider "in whole or in part," when CMS determines that "a credible allegation of fraud exists against a provider or supplier." 42 C.F.R. § 405.371(a)(2). In some cases, CMS may

suspend payment without prior notice to the service provider.   42
C.F.R. § 405.372(a)(3).

On November 14, 2018, Defendant's agent, Qlarant Integrity
Solutions, LLC ("Qlarant"), conducted a surprise audit of Maka
Hospice's facilities. (Compl. ¶ 9.) Following this audit, some
months later "Qlarant concluded that there were 'credible
allegations of fraud' and . . . imposed a unilateral suspension of
Medicare payments due to [Maka Hospice]." (Compl. ¶ 9.)  On May 9,
2019, CMS ceased making payments to Plaintiff and sent Plaintiff a
letter indicating that CMS was suspending payments without prior
notice because "giving prior notice would place additional Medicare
funds at risk and hinder [CMS'] ability to recover any determined
overpayment." (Compl. Ex. 1, at 1.)

When CMS suspends payments to a service provider, CMS must
provide the provider an opportunity to submit a rebuttal statement
as to why CMS should end the suspension. 42 C.F.R. §§
405.373(a)(2), 405.374. This determination is not appealable and
"is not an initial determination" for purposes of the Medicare
Act's administrative process. 42 C.F.R. § 405.375(c); cf. 42 C.F.R.
§ 405.924.  On May 21, 2019, Maka Hospice sent a rebuttal letter
challenging the suspension of Medicare payments. (Compl. Ex. 2.)

On August 13, 2019, Plaintiff filed the instant Complaint.
The Complaint seeks, among other relief, an order enjoining CMS
from suspending payments to Plaintiff and compelling "immediate
payment" for all hospice services provided.  (Compl. ¶¶ 24, 34.)
Defendant now moves to dismiss the Complaint for lack of subject
matter jurisdiction.

**II.  Legal Standard**

A motion under Rule 12(b)(1) may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the legal sufficiency of the jurisdictional facts. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)(citing 2 James Wm. Moore et al., Moore's Federal Practice 12.30[4], at 12-38 to 12-41 (3d ed.1999)). Where the motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). A factual attack, however, need not presume the truthfulness of the allegations in the complaint, and may look beyond the complaint to matters of public record. White, 227 F.3d at 1242.

### III. Discussion

This court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy . . . " 42 U.S.C. § 405(g); see also 42 U.S.C. § 405(h). Indeed, Section 405(g) is the "sole avenue for judicial review for all claims arising under the Medicare Act." Heckler v. Ringer, 466 U.S. 602, 615 (1984) (internal quotation and alteration omitted). A decision on a Medicare claim is not "final" unless and until the claimant exhausts all administrative remedies. Id. at 606. Such remedies include initial reconsideration of a denied claim, a hearing before an administrative law judge, and review by the Appeals Council. Id. Only if the Appeals Council denies a claim exceeding $1,000 can a claimant then seek judicial review. Id. (citing 42 U.S.C. §§ 1395ff(b)(1)(C), (b)(2); 42 CFR §§ 405.701(c), 405.720, 405.724).

1    Plaintiff does not dispute that its claims arise under the
2    Medicare Act, and concedes that "42 U.S.C. § 405(g) requires that
3    Plaintiff first exhaust its administrative remedies and obtain
4    'final decision' that the agency 'made after a hearing' prior to
5    suing the government."  Opposition at 3:18-20.  Nevertheless,
6    Plaintiff suggests that this court has jurisdiction because "the
7    agency circumvented any hearing before reaching its decision and it
8    has not given any of the safeguards required under the Medicare
9    Act."  Opp. at 3:21-22.

10    Plaintiff's position is not clear to the court.  A
11   determination that a temporary suspension of payments should or
12   should not continue is not an "initial determination" subject to
13   administrative appeal.  42 CFR § 405.375(c); see also Clarinda Home
14   Health v. Shalala, 100 F.3d 526, 530 (8th Cir. 1996) ("The
15   [suspension of Medicare payments] is nothing more than a temporary
16   measure necessary to maintain the status quo while the necessary
17   facts are gathered and evaluated.").[1]  This is not to say, however,
18   that CMS can simply impose an indefinite suspension of payments.
19   Rather, CMS must re-evaluate a temporary suspension after 180 days
20   and seek a certification from the Office of Inspector General, or
21   another law enforcement agency, that an ongoing investigation

22

23         [1] At argument, Plaintiff argued that Clarinda is
24   distinguishable because there, unlike here, an FBI investigation
     was underway.  Although Plaintiff is correct that in Clarinda, an
25   FBI investigation yielded "reliable evidence" of fraud, Plaintiff
     provides no authority for the proposition that a temporary
26   suspension of payments can only be imposed if the FBI is
     investigating the service provider.  Clarinda, 100 F.3d at 527-28.
27   Indeed, in cases of suspected fraud, CMS need only determine that a
     "credible allegation of fraud exists," and need only consult with
28   the Department of Justice "as appropriate."  42 C.F.R. §
     405.371(a)(2).

1 warrants a continuation of the suspension.  42 C.F.R §

2 405.371(b)(2).  If the investigation has not been resolved within

3 eighteen months, CMS must find that there is good cause <u>not</u> to

4 continue the suspension, unless the case has been referred to OIG

5 for administrative action or the Department of Justice indicates,

6 in writing, that a civil or criminal action is anticipated or

7 pending.  42 C.F.R § 405.371(b)(3).

8    Nowhere in Plaintiff's Complaint, response to Order to Show

9 Cause, or Opposition to the instant motion is there any allegation

10 or contention that CMS has not complied with these regulatory

11 requirements.  Instead, Plaintiff's Opposition asserts that

12 "Plaintiff is in the process of amending the Complaint to include

13 the claim for the violations of Fifth Amendment and the Ninth

14 Amendments to the United States Constitution, which it anticipates

15 filing by December 6, 2019."  As an initial matter, Plaintiff has

16 filed no such amended complaint.  Furthermore, it appears that any

17 such amendment would be futile.  As the Supreme Court has

18 explained, the fact that a claim involves constitutional issues

19 does not necessarily remove it from the ambit of 42 U.S.C. §

20 405(g).  <u>Heckler</u>, 466 U.S. at 615 (discussing <u>Weinberger v. Salfi</u>,

21 422 U.S. at 760-61 (1975)).  So long as "both the standing and the

22 substantive basis for the presentation" of any amended claims sound

23 in the Medicare Act, those claims, constitutional or otherwise,

24 "arise under" the Medicare Act, and therefore must be

25 administratively exhausted.[2]

26 ────────────────

27    [2] This is not to say that Plaintiff could not, at some point,
allege that exhaustion would be futile.  <u>See</u> <u>Heckler</u>, 466 U.S. at

28 617.  Plaintiff has not, however, made any such allegation, nor is
(continued...)

**IV.   Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.  Plaintiff's Complaint is DISMISSED, with prejudice.


IT IS SO ORDERED.


Dated: July 24, 2020

DEAN D. PREGERSON
United States District Judge

---

[2](...continued)
there any indication that it could plausibly do so at present.